■ In the Matter of HENRIETTA D., Appellant, v JACK K., Respondent. [707 NYS2d 560] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Petitioner appeals from an order that, after a hearing, modified a prior order limiting respondent to supervised visitation with 10-year-old Heather one day per month and unsupervised visitation with 11-year-old Jason two weekends per month. Those limitations had been imposed as a result of respondent's sexual abuse of Heather. In modifying, Family Court denied petitioner's cross motion to terminate all contact between respondent and Heather and to make all visitation with Jason subject to supervision, and instead granted respondent's motion to increase visitation. In particular, the court ordered slightly increased visitation between respondent and Jason, and ordered that respondent have visitation with Heather "on a regular basis, no more than weekly, in the presence of a psychotherapist until such time as the psychotherapist deems non-therapeutic supervision to be appropriate."

Contrary to petitioner's contention, the court did not appoint a "partisan expert" to evaluate Heather. Rather, the court appropriately "appointed or designated" a psychologist for the purpose of examining Heather and the parties (Family Ct Act § 251; cf., Kesseler v Kesseler, 10 NY2d 445, 452, mot to amend remittitur granted 11 NY2d 716). "Family Court has inherent power to order such an examination by a court-appointed expert in order to aid the court in deciding the case" (Matter of Jessica R., 78 NY2d 1031, 1032). Nor did the court err in following the recommendation of that court-appointed psychologist.

Nonetheless, the court improperly delegated to a mental health professional its authority to determine issues involving the best interests of the child (see, Matter of Sullivan County Dept. of Social Servs. v Richard C., 260 AD2d 680, 683, lv dismissed 93 NY2d 958; Gadomski v Gadomski, 256 AD2d 675, 677). Here, in ordering that visitation be supervised by a psychotherapist, which was proper, the court improperly gave the psychotherapist the authority to decide when such supervision was no longer appropriate. We therefore modify the order by deleting the language "until such time as the psychotherapist deems non-therapeutic supervision to be appropriate." (Appeal from Order of Genesee County Family Court, Graney, J.—Visitation.) Present—Pigott, Jr., P. J., Pine, Scudder and Kehoe, JJ.