■ In the Matter of PAMELA RUECKERT, Appellant, v JAMES REILLY, Respondent. [723 NYS2d 232] —In a custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Foskey, J.), dated November 8, 2000, as modified the parties' judgment of divorce by awarding the father custody of the parties' child, directed that she have supervised visitation with the child at her sole expense at such times and for such duration as determined by a court-appointed expert, and directed her to pay the expenses of the court-appointed expert and the respondent father's counsel fees.

Ordered that the order is modified, on the law, by (1) deleting so much of the third decretal paragraph thereof as directed that visitation be at the petitioner's sole expense at such times and for such duration as may be determined by a court ap-

pointed expert, (2) deleting the fourth decretal paragraph thereof and substituting therefor a provision directing that the petitioner and the respondent equally share the cost of the court-appointed expert's fee, and (3) deleting the fifth decretal paragraph thereof; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, to determine the frequency and duration of supervised visitation and the allocation, if any, of the costs of visitation.

The determination of the Family Court in a custody matter should not be disturbed unless it lacks a sound and substantial basis in the record (*see, Eschbach v Eschbach,* 56 NY2d 167, 173-174; *Matter of Morse v Mignone,* 240 AD2d 583). The record supports the determination that the best interests of the child warrant an award of custody to the father (*see, Barbato v Barbato,* 264 AD2d 792; *Walden v Walden,* 112 AD2d 1035).

Contrary to the mother's contention, the Law Guardian did not provide the court with unsworn reports. Both parties recognize that the Law Guardian is the attorney for the child and could no more be required to report to a judge than the attorney for any party in a case (*see,* Family Ct Act § 241). Here, the Law Guardian properly advocated the position of the child to the court in the presence of counsel for the parties, and such advocacy did not constitute a report (*see generally, Matter of Carballeira v Shumway,* 273 AD2d 753).

However, the mother correctly contends that the court improperly delegated its authority when it directed the court-appointed expert to determine the frequency and duration of the mother's supervised visitation (*see, Matter of Fisk v Fisk,* 274 AD2d 691, 693; *Matter of Henrietta D. v Jack K.,* 272 AD2d 995; *Matter of Millett v Millett,* 270 AD2d 520, 522). In addition, the court should not have required the mother to pay the cost of visitation without determining the "economic realities," including her ability to pay and the cost of the visitation service (*Ingarra v Ingarra,* 271 AD2d 573, 574; *see, Matter of Tavolacci v Garges,* 124 AD2d 733, 734; *Schwartz v Schwartz,* 91 AD2d 628).

The court improvidently exercised its discretion in directing the mother to pay the father's counsel fees. The court failed to consider any of the relevant factors and circumstances in awarding counsel fees (*see,* Domestic Relations Law § 237 [b]). Further, the court should have directed the parties to equally share the cost of the court-appointed expert, rather than requiring the mother to pay that fee.

The mother's remaining contentions are without merit. Altman, J. P., Florio, Schmidt and Smith, JJ., concur.