■ Patricia E. Wills, Respondent, v David E. Wills, Appellant. [723 NYS2d 920] —Order unanimously modified on the law and as modified affirmed without costs in accordance with

the following Memorandum: In this postdivorce proceeding, plaintiff mother moved to curtail defendant father's visitation rights, and each party moved to hold the other in contempt. Following a hearing, Supreme Court granted plaintiff's motions and denied defendant's motion. In particular, the court modified and imposed various conditions upon defendant's visitation rights with respect to the parties' younger two children; adjudicated defendant in contempt of court for violating a prior order of protection and a prior order of maintenance, child support, and arrears; and ordered defendant to serve two consecutive terms of 30 days in jail.

The visitation provisions of the order conflict with the court's decision and thus must be modified to conform to the decision (*see, Matter of Edward V.,* 204 AD2d 1060, 1061). Even as conformed, however, the order improperly delegates the court's authority to determine issues involving the best interests of the children by conditioning the resumption of unsupervised daytime visitation and the possible later institution of overnight visitation on the recommendations of the psychologist and/or the Law Guardian (*see, Matter of Henrietta D. v Jack K.,* 272 AD2d 995; *Matter of Sullivan County Dept. of Social Servs. v Richard C.,* 260 AD2d 680, 683, *lv dismissed* 93 NY2d 958; *Shuchter v Shuchter,* 259 AD2d 1013). Therefore, we modify the visitation provisions of the order, as conformed to the decision, by vacating those provisions making the resumption of unsupervised daytime visitation, and the possible later institution of overnight visitation, subject to or otherwise contingent on the recommendations of the psychologist and/or the Law Guardian (*see, Matter of Henrietta D. v Jack K., supra,* at 995).

With respect to defendant's remaining contentions, which essentially assert that the contempt adjudication is not a valid order of either civil or criminal contempt, we note that plaintiff implicitly concedes that the contempt adjudication may be upheld only as an order of criminal contempt. We agree with defendant that the adjudication of criminal contempt cannot stand, because the court failed to advise defendant of his right to the assistance of counsel or elicit his valid waiver of such right before permitting him to proceed *pro se* (*see,* Judiciary Law § 770; *Matter of Gaudette v Gaudette,* 263 AD2d 620, 621; *Matter of Brainard v Brainard,* 88 AD2d 996; *Matter of Kissel v Kissel,* 59 AD2d 1036, 1036-1037; *Hickland v Hickland,* 56 AD2d 978, 980; *see generally, Scott v Illinois,* 440 US 367, 373-374; *Argersinger v Hamlin,* 407 US 25, 37; Annotation, *Right to Appointment of Counsel in Contempt Proceedings,* 32 ALR5th

31). In particular, the court failed to conduct a searching inquiry designed to ensure that defendant understood his right to counsel and the dangers and disadvantages of self-representation (*see, People v Smith,* 92 NY2d 516, 520-521; *see also, Faretta v California,* 422 US 806, 835). We therefore further modify the order by vacating those provisions adjudicating defendant in contempt of court. (Appeal from Order of Supreme Court, Monroe County, VanStrydonck, J.—Contempt.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Lawton, JJ.