■ FRANCA JOHNSON, Respondent, v WALTER J. JOHNSON, Appellant. [757 NYS2d 87] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Spolzino, J.), entered April 12, 2002, as granted that branch of the plaintiff's motion which was to direct him to submit to certain testing for drugs and alcohol to the extent of directing him to submit to drug and alcohol testing upon the plaintiff's request, under the supervision of a court-appointed forensic evaluator.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to direct the defendant to submit to certain testing for drugs and alcohol is denied, and the matter is remitted to the Supreme Court, Westchester County, for a hearing on the issue of whether the defendant violated the provision of the parties'

August 13, 2001, stipulation prohibiting him from using drugs and/or alcohol.

The parties entered into a stipulation resolving the custody and visitation issues regarding their child, which was "so-ordered" by the Supreme Court on August 13, 2001. Among other things, the parties agreed that the defendant would not be under the influence of nonprescription drugs and/or alcohol at any time. In January 2002, the plaintiff moved, inter alia, to suspend the defendant's unsupervised visitation and direct him to submit to certain testing for drugs and alcohol. In her affidavit in support of the motion, the plaintiff recounted two then-recent episodes that gave her "reason to believe" the defendant had violated the drug/alcohol provision of the stipulation. The defendant denied the allegations.

The Supreme Court granted that branch of the plaintiff's motion which was to direct him to submit to certain testing for drugs and alcohol to the extent of ordering the defendant to submit to testing upon the plaintiff's request, whenever she has "reason to believe" the defendant has used drugs and/or alcohol, to be performed under the supervision of the court-appointed forensic evaluator. The court further provided that should the defendant test negative, the cost of the procedure would be borne by the plaintiff. Should the defendant test positive, his visitation would be immediately suspended, to be resumed at such time as the defendant receives treatment, the court-appointed evaluator is "satisfied" that visitation is appropriate, and random drug and alcohol screens are negative.

The Supreme Court improperly directed the defendant to submit to drug and alcohol testing, virtually at the whim of the plaintiff. The defendant is given no opportunity to judicially challenge any direction by the plaintiff that he submit to such testing; further, upon his failure to submit, his visitation is immediately suspended, once again with no prior opportunity to be heard. Should the defendant lose his visitation under the terms of the order, the Supreme Court directed that a forensic evaluator determine when resumption of visitation would be appropriate. Thus, the Supreme Court improperly delegated its authority to both the plaintiff and the forensic evaluator to determine the best interests of the child (see generally Matter of Rueckert v Reilly, 282 AD2d 608, 609 [2001]; Henrietta D. v Jack K., 272 AD2d 995 [2000]; Millett v Millett, 270 AD2d 520, 522 [2000]).

However, since the parties dispute whether the defendant violated the drug/alcohol provision of the stipulation, we remit the matter to the Supreme Court for a hearing on that issue. Ritter, J.P., Florio, S. Miller and H. Miller, JJ., concur.