In the Matter of NATHIR HAMEED, Appellant, v HALA ALATAWANEH, Respondent. [796 NYS2d 486]—

Appeal from an order of the Family Court, Livingston County (Ronald A. Cicoria, J.), entered April 28, 2004 pursuant to Family Court Act article 6. The order suspended petitioner's supervised visitation with the parties' children until petitioner has obtained and participated in counseling, taken all prescribed medication for at least six months and received a favorable recommendation from his counselor.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the conditions imposed on the resumption of supervised visitation and as modified the order is affirmed without costs.

Memorandum: Petitioner appeals from an order suspending his supervised visitation with the parties' two children "until petitioner has obtained and participated in counseling at recommended intervals, and has taken all prescribed medication for a period of not less than six months." In addition, Family Court ordered that visitation could not resume until "petitioner receives a recommendation from his counselor that a resumption of visitation is appropriate." We reject petitioner's contention that the court's determination to suspend visitation lacks a substantial basis in the record, particularly in view of the court's determination that such visitation is detrimental to the welfare of the children (*see Murek v Murek* [appeal No. 2], 292 AD2d 839, 840 [2002]; *Matter of Ashkar v Ashkar*, 278 AD2d 924 [2000]; *see generally Matter of Mallory v Mashack*, 266 AD2d 907 [1999]). The court credited the testimony that petitioner

verbally and physically abused respondent during the parties' exchanges of the children for the supervised visits previously ordered by the court. That credibility determination is supported by the record and thus will not be disturbed (*see Ashkar*, 278 AD2d at 925).

The court erred, however, in ordering that visitation could not resume until petitioner has participated in the requisite counseling and has taken all prescribed medication for a minimum of six months (*see Matter of Davenport v Ouweleen*, 5 AD3d 1079, 1079-1080 [2004]; *Murek*, 292 AD2d at 840; *Ralph M. v Nancy M.*, 280 AD2d 995, 996 [2001]; *Shuchter v Shuchter*, 259 AD2d 1013 [1999]), and we therefore modify the order accordingly. We further conclude that the court improperly delegated to a counselor the court's authority to determine issues involving the best interests of the children, i.e., whether visitation should resume and, if so, when (*see Matter of Battista v Battista*, 294 AD2d 941 [2002]; *Wills v Wills*, 283 AD2d 1023, 1024 [2001]; *Matter of Henrietta D. v Jack K.*, 272 AD2d 995 [2000]; *Shuchter*, 259 AD2d 1013 [1999]), and thus we further modify the order accordingly. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.