■ In the Matter of JULIANE M., ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANDREW M., Appellant; THERESA M., Respondent. (Proceeding No. 1.) In the Matter of MATTHEW M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANDREW M., Appellant; THERESA M., Respondent. (Proceeding No. 2.) [803 NYS2d 915]—In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals from an undated order of the Family Court, Queens County (Bogacz, J.), which, inter alia, awarded the mother visitation with the parties' children.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court improperly delegated to the Law Guardian and the Administration for Children's Services the authority to determine the visitation schedule (*see Matter of St. Pierre v Burrows,* 14 AD3d 889, 892 [2005]; *Matter of Grisanti v Grisanti,* 4 AD3d 471, 474-475 [2004]; *Johnson v Johnson,* 303 AD2d 641, 642 [2003]; *Matter of Rueckert v Reilly,* 282 AD2d 608, 609 [2001]). The determination of visitation is entrusted to the court based upon the best interests of the children (*see Friederwitzer v Friederwitzer,* 55 NY2d 89 [1982]; *Matter of Kachelhofer v Wasiak,* 10 AD3d 366 [2004]). However, we decline to disturb the determination made here, as the record supports the conclusion that the award of visitation to the mother was in the children's best interests (*see Matter of Orner v Orner,* 263 AD2d 544 [1999]; *Matter of Gerald D. v Lucille S.,* 188 AD2d 650 [1992]). H. Miller, J.P., Krausman, Rivera and Dillon, JJ., concur.