■ In the Matter of ADAM RHODIE, Appellant, v CAROLYN NATHAN et al., Respondents. [888 NYS2d 159]—

In a proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Lerner, Ct. Atty. Ref.), dated July 30, 2008, as, after a hearing, dismissed his petition for custody of the subject child and failed to award him visitation.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Under the circumstances of this case, the denial of the father's application for forensic evaluations in connection with his custody petition was a provident exercise of discretion. The Family Court possessed sufficient information to render an informed decision regarding custody consistent with the subject child's best interests (*see Matter of Johnson v Williams*, 59 AD3d 445 [2009]; *Matter of B.G. v A.M.O.*, 57 AD3d 246, 247 [2008]; *Matter of Salamone-Finchum v McDevitt*, 28 AD3d 670, 671 [2006]; *Matter of Fallon v Fallon*, 4 AD3d 426, 427 [2004]; *Kaplansky v Kaplansky*, 212 AD2d 667, 668 [1995]).

The Family Court delegated to the Administration for Children's Services (hereinafter ACS) the authority to determine whether and when the father was entitled to visitation. ACS determined that based on certain comments made by the father during the custody hearing, he was not entitled to any visitation. The Family Court's delegation to ACS was improper, as "[t]he determination of visitation is entrusted to the court based upon the best interests of the children" (*Matter of Juliane M.*, 23 AD3d 473 [2005]; *see Matter of Rueckert v Reilly*, 282 AD2d 608, 609 [2001]; *Matter of Fisk v Fisk*, 274 AD2d 691, 693

[2000]). We decline, however, to disturb the determination made here, as the record supports the conclusion that visitation by the father would not be in the subject child's best interests (*see Matter of Vasquez v Medina,* 49 AD3d 547 [2008]; *Matter of Juliane M.,* 23 AD3d at 473).

The father's remaining contention is unpreserved for appellate review (*cf. Dana-Sitzer v Sitzer,* 48 AD3d 354 [2008]; *Matter of Rudy v Mazzetti,* 5 AD3d 777, 778 [2004]) and, in any event, is without merit. Skelos, J.P., Florio, Balkin and Leventhal, JJ., concur.