■ In the Matter of KIMBERLY BRAY, Appellant, v ROBERT DeSTEVENS, Respondent. [911 NYS2d 556]—

Appeal from an order of the Family Court, Oswego County (Bobette J. Morin, R.), entered August 18, 2009 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition for modification of custody.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated and the matter is remitted to Family Court, Oswego County, for further proceedings on the petition.

Memorandum: Petitioner mother commenced this proceeding pursuant to Family Court Act article 6 seeking communication,

including telephone contact, and visitation with the parties' child. Family Court dismissed the petition based on the failure of the mother to comply with a prior order requiring that she "complete her alcohol and drug assessment and physiological assessment" as a condition precedent to any further visitation with the child. The mother was incarcerated at the time the order appealed from was entered, but she was released to parole supervision during the pendency of this appeal. We note at the outset that the mother's release to parole supervision does not render the appeal moot inasmuch as the mother did not seek communication and visitation with the child only for the duration of her incarceration (cf. *Matter of Ryan M.B. v Mary R.*, 43 AD3d 1304 [2007]).

We conclude that the court erred in dismissing the petition based on the mother's failure to comply with a condition precedent. "It is well settled that [communication and] visitation with a noncustodial parent is generally presumed to be in a child's best interests" (*Matter of Mark C. v Patricia B.*, 41 AD3d 1317, 1318 [2007]). A court lacks authority to impose conditions precedent to the resumption of a parent's contact and visitation with a child (see *Matter of Hameed v Alatawaneh*, 19 AD3d 1135 [2005]; *Matter of Davenport v Ouweleen*, 5 AD3d 1079 [2004]). We therefore reverse the order, reinstate the petition and remit the matter to Family Court for further proceedings on the petition. Present—Centra, J.P., Fahey, Peradotto, Lindley and Green, JJ.