# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**472**

**CAF 10-00275**

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF LIONEL T. VIEIRA,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DIANE P. HUFF, RESPONDENT-APPELLANT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR RESPONDENT-APPELLANT.

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR PETITIONER-RESPONDENT.

ROBERT L. GOSPER, ATTORNEY FOR THE CHILD, CANANDAIGUA, FOR BENJAMIN H.

-------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Ontario County (Craig J. Doran, J.), entered January 27, 2010 in a proceeding pursuant to Family Court Act article 6.  The order granted custody of the parties' child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the condition imposed on any future application by respondent to modify her visitation and as modified the order is affirmed without costs.

Memorandum:  Respondent mother appeals from an order that modified an order pursuant to which the parties had joint custody of the child, with primary physical placement with the mother.  By the order on appeal, Family Court granted sole legal and physical custody of the parties' child to petitioner father, directed that the mother's visitation with the child be supervised, and further directed the mother to obtain mental health counseling before filing an application to modify her visitation.  Based on the record before us, we conclude that the court properly determined that the father established a change in circumstances reflecting " 'a real need for change to ensure the best interest[s] of the child' " (*Matter of Di Fiore v Scott*, 2 AD3d 1417, 1417).  We further conclude that the award of sole legal and physical custody to the father is in the best interests of the child, upon considering the appropriate factors to warrant that award (*see generally Eschbach v Eschbach*, 56 NY2d 167, 174; *Fox v Fox*, 177 AD2d 209).  We note in particular that the mental health expert who evaluated the mother testified that she suffered from a delusional disorder and was not likely to benefit from therapy because she was not able to recognize alternative possibilities and explanations for her delusions, nor was she able to form a trusting bond with her

therapist. Although we agree with the mother that the court erred in awarding temporary custody of the parties' child to the father during the course of the evidentiary hearing, that error is of no moment under the circumstances of this case inasmuch as the record of the hearing upon its completion fully supports the court's determination (*see Matter of Darryl B.W. v Sharon M.W.*, 49 AD3d 1246, 1247).

We further reject the mother's contention that the court erred in directing that her visitation be supervised. Supervised visitation is a matter left to the sound discretion of the court and will not be disturbed where, as here, there is a sound and substantial basis in the record to support such visitation (*see Matter of Chilbert v Soler*, 77 AD3d 1405, 1406, *lv denied* 16 NY3d 701). Nor did the court abuse its discretion in directing that the parties agree to a visitation schedule, taking into consideration the availability of the person supervising visitation (*cf. Matter of William B.B. v Susan D.D.*, 31 AD3d 907, 908). We note in any event that the court indicated that it would assign a visitation schedule in the event that the parties could not reach an agreement.

Finally, we agree with the mother that the court lacked the authority to condition any future application for modification of her visitation on her participation in mental health counseling (*see Matter of Bray v DeStevens*, 78 AD3d 1564, 1565; *Matter of Hameed v Alatawaneh*, 19 AD3d 1135, 1136), and we therefore modify the order accordingly.

Entered: April 29, 2011                                    Patricia L. Morgan
                                                           Clerk of the Court