# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**466**

**CAF 11-02558**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF BRIAN S. FONTAINE,
PETITIONER-APPELLANT,

V                                                       MEMORANDUM AND ORDER

MARY K. FONTAINE, RESPONDENT-RESPONDENT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR
PETITIONER-APPELLANT.

BRUCE R. BRYAN, SYRACUSE, FOR RESPONDENT-RESPONDENT.

KAREN J. DOCTER, ATTORNEY FOR THE CHILDREN, FAYETTEVILLE, FOR GABRIELA
F. AND ANNA F.

---

Appeal from an order of the Family Court, Onondaga County (Gina M. Glover, R.), entered March 28, 2011 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted supervised visitation to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following Memorandum: On appeal from an order directing, inter alia, that petitioner father's visitation with the parties' children shall continue to be supervised, the father contends that the Court Attorney Referee erred "in failing to set forth those facts essential to [her] decision" (*Matter of Bradbury v Monaghan*, 77 AD3d 1424, 1424 [internal quotation marks omitted]). We agree. We note at the outset that, according to the order of the Court Attorney Referee, the parties stipulated that the Court Attorney Referee (hereafter, court) would hear and determine the petition. "Effective appellate review . . . requires[, however], that appropriate factual findings be made by the [hearing] court—the court best able to measure the credibility of the witnesses" (*Matter of Jose L. I.*, 6 NY2d 1024, 1026). "Inasmuch as 'the record is not sufficient to enable this Court to make the requisite findings of fact,' " we reverse the order and remit the matter to Family Court for a new hearing on the petition (*Bradbury*, 77 AD3d at 1425), including a new in camera hearing with the children (*see Matter of Lincoln v Lincoln*, 24 NY2d 270).

In light of our determination, we must address only one of the father's remaining contentions, i.e., that the court improperly allowed the Attorney for the Children to approve visitation

supervisors.  We reject that contention (*see Matter of Kruty v Manell*, 248 AD2d 809, 811; *see also Matter of Vieira v Huff*, 83 AD3d 1520, 1521).  In doing so, we note that the court did not improperly delegate the determination of an issue involving the best interests of the children, "i.e., whether [unsupervised] visitation should resume and, if so, when" (*Matter of Hameed v Alatawaneh*, 19 AD3d 1135, 1136; *cf. Matter of Battista v Battista*, 294 AD2d 941; *Wills v Wills*, 283 AD2d 1023, 1024).

Entered:  April 20, 2012                    Frances E. Cafarell
                                            Clerk of the Court