# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

370

CAF 12-01090

PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF MATTHEW J. ROSKWITALSKI,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CATHERINE D. FLEMING, RESPONDENT-APPELLANT.

---

ALAN BIRNHOLZ, EAST AMHERST, FOR RESPONDENT-APPELLANT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR ANTONIA
F., KIRA F. AND ELIZHA F.

---

Appeal from an order of the Family Court, Erie County (Margaret
O. Szczur, J.), entered May 14, 2012. The order, among other things,
suspended respondent's visitation with the subject children.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by vacating the conditions imposed on
the resumption of visitation and as modified the order is affirmed
without costs.

Memorandum: Respondent mother appeals from an order that
suspended her visitation with the three children in the custody of
petitioner, the children's maternal grandfather, and directed her to
engage in mental health counseling "to allow for future access to
these children when deemed appropriate by the children's counselor."
Contrary to the mother's contention, we conclude that the
determination of Family Court to suspend visitation with all three
children has a sound and substantial basis in the record (see Matter
of Hameed v Alatawaneh, 19 AD3d 1135, 1135-1136; Murek v Murek [appeal
No. 2], 292 AD2d 839, 840). In determining that visitation with the
mother would be detrimental to the youngest child, the court properly
considered the deleterious effects of such visitation on the two older
children (see Matter of Thomas v Thomas, 35 AD3d 868, 869; Matter of
Herrera v O'Neill, 20 AD3d 422, 423).

The court erred, however, in directing the mother to engage in
mental health counseling as a condition of visitation and in
delegating its authority to the children's counselor to determine when
a resumption of visitation would be appropriate (see Hameed, 19 AD3d

at 1136).  We therefore modify the order accordingly.

Entered:  April 26, 2013                      Frances E. Cafarell
                                              Clerk of the Court