# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**469**

**CAF 12-00300**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF DAVID BONNELL,
PETITIONER-RESPONDENT,

V                                        MEMORANDUM AND ORDER

KIMBERLY J. RODGERS, RESPONDENT-APPELLANT.

---

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.

KEVIN M. REEDY, BUFFALO, FOR PETITIONER-RESPONDENT.

PETER P. VASILION, ATTORNEY FOR THE CHILD, WILLIAMSVILLE, FOR JORDAN D.R.-B.

---

Appeal from an order of the Family Court, Erie County (Paul G. Buchanan, J.), entered January 27, 2012. The order, among other things, awarded primary physical custody of the subject child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that, inter alia, granted in part the amended petition by awarding petitioner father primary physical custody of the parties' child and visitation to the mother. The mother contends that Family Court abused its discretion in denying her motion to change venue from Erie County to Chautauqua County. We reject that contention. At the time the father commenced this proceeding in Erie County, he and the child resided in that jurisdiction. The mother contends that a change of venue was required for the convenience of material witnesses, but in support of her motion she failed to identify a single witness who would be inconvenienced by proceeding in Erie County. We therefore conclude that the mother failed to demonstrate "good cause" for transferring this proceeding to Chautauqua County (Family Ct Act § 174; *see Rochester Drug Coop., Inc. v Marcott Pharmacy N. Corp.*, 15 AD3d 899, 899; *cf. Seguin v Landfried*, 96 AD3d 1433, 1433; *Matter of Arcuri v Osuna*, 41 AD3d 841, 841-842).

Contrary to the mother's further contention, this proceeding involves an initial determination with respect to custody of the child. Therefore, " '[a]lthough the parties' informal [custody] arrangement is a factor to be considered, [the father] is not required to prove a substantial change in circumstances in order to warrant a

modification thereof' " (*Matter of Thillman v Mayer*, 85 AD3d 1624, 1625; *see Matter of Bruce BB. v Debra CC.*, 307 AD2d 408, 409).  We further conclude that, contrary to the mother's contention, the court properly determined that it was in the best interests of the child that the parties share joint custody of the child with primary physical custody with the father.  The court's custody determination following a hearing is entitled to great deference (*see Eschbach v Eschbach*, 56 NY2d 167, 173), "particularly in view of the hearing court's superior ability to evaluate the character and credibility of the witnesses" (*Thillman*, 85 AD3d at 1625).  Here, the court's written decision establishes that the court engaged in a " 'careful weighing of [the] appropriate factors' " (*Matter of Triplett v Scott*, 94 AD3d 1421, 1422), and the court's determination has a sound and substantial basis in the record (*see Betro v Carbone*, 5 AD3d 1110, 1110; *Matter of Thayer v Ennis*, 292 AD2d 824, 825).

Entered:  May 3, 2013                              Frances E. Cafarell
                                                   Clerk of the Court