■ In the Matter of BRIANA A.-C. ADMINISTRATION FOR CHILDREN SERVICES, Respondent; EDWARD A.-M., Appellant. (Proceeding No. 1.) In the Matter of KEON A.-C. ADMINISTRATION FOR CHILDREN SERVICES, Respondent; EDWARD A.-M., Appel-

lant. (Proceeding No. 2.) In the Matter of KIANA A.-C. ADMINIS-TRATION FOR CHILDREN SERVICES, Respondent; EDWARD A.-M., Appellant. (Proceeding No. 3.) In the Matter of KIRA A.-C. ADMINISTRATION FOR CHILDREN SERVICES, Respondent; EDWARD A.-M., Appellant. (Proceeding No. 4.) [4 NYS3d 95]—

Appeal by the father from (1) an order of fact-finding of the Family Court, Queens County (John M. Hunt, J.), dated September 17, 2013, and (2) an order of disposition (Mary R. O'Donoghue), dated October 29, 2013. The order of fact-finding found that the father neglected the subject children by exposing them to domestic violence. The order of disposition remanded the children to their mother's custody under the supervision of the New York City Administration for Children's Services for a period of 12 months, directed the father and the children to separately engage in counseling, directed that "[w]hen the therapists for the father and the [two oldest] girls believe that therapeutic visitation is safe and appropriate, and the girls consent, then ACS can arrange for therapeutic visitation," and directed that no therapeutic visitation would occur unless the father was engaged in individual counseling.

Ordered that the appeal from the order of fact-finding is dismissed, as the order of fact-finding was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as remanded the children to their mother's custody under the supervision of the New York City Administration for Children's Services for a period of 12 months is dismissed as academic, as the period of remand has expired; and it is further,

Ordered that the order of disposition is modified, on the law, by deleting the words, "When the therapists for the father and the girls believe that therapeutic visitation is safe and appropriate, and the girls consent, then ACS can arrange for therapeutic visitation," and substituting therefor the words "ACS shall arrange for therapeutic visitation, provided that the father attend individual therapy. The father is directed to sign all releases necessary for ACS to determine that the father is attending such therapy"; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

"To establish neglect pursuant to section 1012 (f) (i) (B) of the Family Court Act, the petitioner must prove, by a prepon-

derance of the evidence, that (1) the child's physical, mental, or emotional condition has been impaired, or is in imminent danger of becoming impaired, and (2) the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Matter of Kiara C. [David C.]*, 85 AD3d 1025, 1025-1026 [2011]; *see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]).

Here, contrary to the father's contention, a preponderance of the evidence established that he neglected the subject children by, inter alia, engaging in certain acts of domestic violence in the children's presence that impaired, or created an imminent danger of impairing, their physical, mental, or emotional condition (*see Matter of Amelia V.M.B. [Davidson B.]*, 107 AD3d 980 [2013]; *Matter of Michael G.C. [Michael C.]*, 103 AD3d 890, 891 [2013]; *Matter of Ariella S. [Krystal C.]*, 89 AD3d 1092, 1093 [2011]; *Matter of Ndeye D. [Benjamin D.]*, 85 AD3d 1026, 1027 [2011]; *Matter of Elijah J. [Phillip J.]*, 77 AD3d 835 [2010]).

The father correctly contends, however, that the Family Court erred in vesting his or the children's therapist with the authority to decide when therapeutic visitation should commence (*see Matter of Grisanti v Grisanti*, 4 AD3d 471, 474-475 [2004]; *Johnson v Johnson*, 303 AD2d 641, 642 [2003]; *Matter of Rueckert v Reilly*, 282 AD2d 608, 609 [2001]). We, therefore, modify the order of disposition to provide that the New York City Administration for Children's Services (hereinafter ACS) shall arrange for therapeutic visitation between the father and the two oldest children, provided that the father also attends individual therapy, and is additionally directed to sign all releases necessary for ACS to determine that the father is attending such individual therapy. Rivera, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.