■ In the Matter of Crystal A. Administration for Children's Services, Respondent; Chigozirim C.A., Appellant. (Proceeding No. 1.) In the Matter of Emmanuel A. Administration for Children's Services, Respondent; Chigozirim C.A., Appellant. (Proceeding No. 2.) In the Matter of Joshua A. Administration for Children's Services, Respondent; Chigozirim C.A., Appellant. (Proceeding No. 3.) [18 NYS3d 393]—Appeal from an order of disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated November 21, 2013. The order, insofar as appealed from, after a dispositional hearing, directed the father to enter and complete a batterer's accountability program. The appeal from the order of disposition brings up for review an order of fact-finding of that court dated June 12, 2013, which, after a fact-finding hearing, found that the father neglected the children Crystal A. and Emmanuel A., and derivatively neglected the child Joshua A.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

In a child protective proceeding, the petitioner has the burden of proving neglect by a preponderance of the evidence

(*see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; *Matter of Amerriah S. [Kadiatou Y.]*, 100 AD3d 1006 [2012]). Here, contrary to the father's contentions, a preponderance of the evidence established that he neglected the children Crystal A. and Emmanuel A. by engaging in certain acts of domestic violence against the mother in their presence that impaired, or created an imminent danger of impairing, their physical, mental, or emotional condition (*see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Jeremiah W. [Ronald W.]*, 130 AD3d 838 [2015]; *Matter of Briana A.-C. [Edward A.-M.]*, 125 AD3d 771, 773 [2015]; *Matter of Ariella S. [Krystal C.]*, 89 AD3d 1092, 1093 [2011]), and by inflicting excessive corporal punishment on them (*see Matter of Jallah J. [George J.]*, 118 AD3d 1000, 1001 [2014]; *Matter of Amerriah S. [Kadiatou Y.]*, 100 AD3d at 1007). The petitioner further established, by a preponderance of the evidence, that the father derivatively neglected the child Joshua A. (*see* Family Ct Act § 1046 [a] [i]; *Matter of Tayleese M.C. [Tunisha H.]*, 127 AD3d 1077, 1078-1079 [2015]; *Matter of Kaleb B. [Harold S.]*, 119 AD3d 780, 781 [2014]).

The father's remaining contentions are either unpreserved for appellate review or without merit. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.