# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

14
CAF 15-00187
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

IN THE MATTER OF MICHAEL C. WAITE,
PETITIONER-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

MALLORY J. CLANCY, RESPONDENT-APPELLANT.

---

MICHELLE A. COOKE, CORNING, FOR RESPONDENT-APPELLANT.

CHRISTINE M. VALKENBURGH, ATTORNEY FOR THE CHILD, BATH.

---

Appeal from an order of the Family Court, Steuben County (Gerard Alonzo, J.H.O.), entered May 16, 2014 in a proceeding pursuant to Family Court Act article 6.  The order, among other things, granted sole legal custody and physical placement of the parties' child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the conditions imposed with respect to any future application for resumption of visitation and as modified the order is affirmed without costs.

Memorandum:  Respondent mother appeals from an order that awarded petitioner father sole custody and placement of the parties' child and suspended visitation between the mother and the child "until she engages successfully in mental health and drug and alcohol evaluations, and . . . recommended treatment, and upon successful completion of [the] same is reserved the right to file a [m]odification."  Contrary to the mother's contention, Family Court's determination to suspend her visitation is supported by a sound and substantial basis in the record inasmuch as the evidence presented at the hearing established that such visitation was detrimental to the child's welfare (*see Matter of Christina F.F. v Stephen T.C.*, 48 AD3d 1112, 1113, *lv denied* 10 NY3d 710).  We agree with the mother, however, that the court lacked authority to condition the resumption of visitation upon her completion of mental health and drug and alcohol evaluations and compliance with all treatment recommendations (*see Matter of Hameed v Alatawaneh*, 19 AD3d 1135, 1136; *Matter of Davenport v Ouweleen*, 5 AD3d 1079, 1079-1080).  We therefore modify the order accordingly.  Finally, as we similarly concluded in the mother's related appeal (*Matter of VanSkiver v Clancy*, 128 AD3d 1408, 1408-1409), the court did not abuse its discretion in denying her attorney's request for an adjournment and in holding the hearing in

her absence.

Entered:  February 5, 2016                    Frances E. Cafarell
                                             Clerk of the Court