■ In the Matter of JOSHUA V. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RAHSAAN J., Appellant. (Proceeding No. 1.) In the Matter of RAHSAAN J., JR. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RAHSAAN J., Appellant. (Proceeding No. 2.) In the Matter of CYNTHIA V. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RAHSAAN J., Appellant. (Proceeding No. 3.) In the Matter of FELIX V. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RAHSAAN J., Appellant. (Proceeding No. 4.) In the Matter of KARISSA A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RAHSAAN J., Appellant. (Proceeding No. 5.) [28 NYS3d 97]—

Appeal from an order of disposition of the Family Court, Queens County (Marybeth S. Richroath, J.), dated January 10, 2014. The order of disposition, inter alia, directed Rahsaan J. to complete a batterer's intervention program and a parenting skills program, and to engage in family counseling. The appeal from the order of disposition brings up for review an order of fact-finding of that court dated November 7, 2013, which, after a hearing, found that Rahsaan J. neglected the subject children.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant, Rahsaan J. (hereinafter the father), is the father of the child Rahsaan J., Jr., and the stepfather of the children Felix V., Joshua V., Cynthia V., and Karissa A. The Administration for Children's Services filed petitions against the father on December 12, 2012, alleging that he neglected the children by engaging in acts of domestic violence against their mother, Concessa J., on December 4, 2012, while the children were at home with her. In an order of fact-finding dated November 7, 2013, made after a hearing, the Family Court found that the father neglected the children, and on January 10, 2014, the court issued an order of disposition. The father appeals from the order of disposition.

In a child protective proceeding, the petitioner has the burden of proving neglect by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; *Matter of Crystal A. [Chigozirim C.A.]*, 132 AD3d 756 [2015]). Here, contrary to the father's contentions, a preponderance of the

evidence established that he neglected the children by engaging in acts of domestic violence against the mother in their presence that impaired, or created an imminent danger of impairing, their physical, mental, or emotional condition (*see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Michael WW.*, 20 AD3d 609, 610 [2005]; *Matter of Carlos M.*, 293 AD2d 617, 619 [2002]; *cf. Matter of Kiana M.-M. [Robert M.]*, 123 AD3d 720 [2014]; *Matter of Chaim R. [Keturah Ponce R.]*, 94 AD3d 1127, 1128 [2012]).

The father's remaining contentions are without merit. Balkin, J.P., Dickerson, Duffy and LaSalle, JJ., concur.