Matter of Khamari S. (Keith S.) (2018 NY Slip Op 05316)





Matter of Khamari S. (Keith S.)


2018 NY Slip Op 05316


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-08229
 (Docket No. N-12802-16)

[*1]In the Matter of Khamari S. (Anonymous). Westchester County Department of Social Services, respondent; Keith S. (Anonymous), appellant.


Carl D. Birman, White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Stacey Dolgin-Kmetz and Allison E. Burke of counsel), for respondent.
Jessica Bacal, Mount Kisco, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Michelle I. Schauer, J.), dated May 18, 2017. The order, after a hearing, found that the father neglected the subject child and limited the father's contact with the child to supervised parental access.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
In a child protective proceeding, the petitioner has the burden of proving neglect by a preponderance of the evidence (see Family Ct Act § 1012[f][i][B]; Nicholson v Scoppetta, 3 NY3d 357, 368). Here, a preponderance of the evidence established that the father neglected the subject child by engaging in physical altercations with the child's mother in the presence of the child, which impaired, or created an imminent danger of impairing, the child's physical, mental, or emotional condition (see Matter of Joshua V. [Rahsaan J.], 137 AD3d 1153, 1153-1154; Matter of Morgene R. [Leah A.], 135 AD3d 769; Matter of Celeste O. [Calvin A.], 119 AD3d 586, 587; Matter of Anthony S. [Dawn N.], 98 AD3d 519, 520; Matter of Ariella S. [Krystal C.], 89 AD3d 1092, 1094).
The father's remaining contention is without merit.
MASTRO, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court