Matter of Rice v Wightman (2018 NY Slip Op 08813)





Matter of Rice v Wightman


2018 NY Slip Op 08813


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


1243 CAF 16-02236

[*1]IN THE MATTER OF JENNIFER RICE, PETITIONER-RESPONDENT-RESPONDENT,
v
MICHAEL WIGHTMAN, RESPONDENT-PETITIONER-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-PETITIONER-APPELLANT.
M. KATHLEEN CURRAN, CANANDAIGUA, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Ontario County (James E. Walsh, Jr., A.J.), entered October 3, 2016 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner-respondent sole legal and residential custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the sixth, seventh, and eighth ordering paragraphs, and as modified the order is affirmed without costs and the matter is remitted to Family Court, Ontario County, for further proceedings in accordance with the following memorandum: In this Family Court Act article 6 proceeding, respondent-petitioner father appeals from an order that, inter alia, modified a prior custody and visitation order by awarding petitioner-respondent mother sole legal and residential custody of the subject child and limiting the father's visitation with the child to family therapy sessions. The father contends that Family Court abused its discretion in denying his motion to change venue from Ontario County to Seneca County. We reject that contention. At the time the mother commenced this proceeding in Ontario County, the father resided in that jurisdiction, and the prior order that the mother sought to modify was entered in Ontario County. Thus, venue was proper in Ontario County (see Family Ct Act § 171), and the father failed to demonstrate "good cause" for transferring this proceeding to Seneca County (§ 174; see Matter of Bonnell v Rodgers, 106 AD3d 1515, 1515 [4th Dept 2013], lv denied 21 NY3d 864 [2013]).
We further conclude that the father waived his contention that the mother failed to establish the requisite change in circumstances warranting an inquiry into the best interests of the child inasmuch as he also alleged in his cross petition that there had been such a change in circumstances (see Matter of Biernbaum v Burdick, 162 AD3d 1664, 1665 [4th Dept 2018]). In any event, we agree with the mother that she established the requisite change in circumstances inasmuch as the father's relationship with the subject child has deteriorated since the prior order (see id.; Cook v Cook, 142 AD3d 530, 533 [2d Dept 2016]; Matter of Filippelli v Chant, 40 AD3d 1221, 1222 [3d Dept 2007]). Contrary to the father's related contention, we conclude that the court did not err in modifying the prior order inasmuch as "there is a sound and substantial basis in the record to support the court's determination that it was in the child's best interests to award [sole custody] to the [mother]" and to reduce the father's visitation (Matter of Brewer v Soles, 111 AD3d 1403, 1404 [4th Dept 2013]; see Matter of Noble v Gigon, 165 AD3d 1640, 1640-1641 [4th Dept 2018]).
We agree with the father, however, that the court erred in conditioning the father's visitation upon his participation in therapeutic counseling. "Although a court may include a directive to obtain counseling as a component of a custody or visitation order, the court does not have the authority to order such counseling as a prerequisite to custody or visitation" (Matter of [*2]Avdic v Avdic, 125 AD3d 1534, 1535 [4th Dept 2015]). Here, the court erred in making participation in counseling the "triggering event" in determining visitation (id.). We further conclude that the court impermissibly delegated the decision to hold family therapy sessions to the father's and the child's therapists and therefore improperly gave the therapists the authority to determine if and when visitation would occur (see Matter of Christina KK. v Kathleen LL., 119 AD3d 1000, 1004 [3d Dept 2014]; Matter of Roskwitalski v Fleming, 105 AD3d 1432, 1433 [4th Dept 2013]). We therefore modify the order by vacating the sixth, seventh, and eighth ordering paragraphs, and we remit the matter to Family Court to fashion a specific and definitive schedule for visitation between the father and the subject child.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court