Matter of Sharlow v Hughes (2023 NY Slip Op 00518)

Matter of Sharlow v Hughes

2023 NY Slip Op 00518

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

26 CAF 22-00408

[*1]IN THE MATTER OF BONITA L. SHARLOW, PETITIONER-RESPONDENT,
v
KATHERINE H. HUGHES, RESPONDENT-APPELLANT, AND GREGORY STARKEY, RESPONDENT-RESPONDENT. (APPEAL NO. 1.) 

TODD G. MONAHAN, LITTLE FALLS, FOR RESPONDENT-APPELLANT.
CARA A. WALDMAN, FAIRPORT, FOR PETITIONER-RESPONDENT. 
SCOTT A. OTIS, WATERTOWN, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Jefferson County (Eugene R. Renzi, A.J.), entered January 13, 2022 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner sole custody of the subject child and ordered that respondent Katherine H. Hughes participate in counseling, take prescribed medications, and provide proof of a negative hair follicle test prior to having therapeutic visitation with the child. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by striking the phrase "once she
re-engages in counseling, takes her medications as prescribed, and provides proof of a negative hair follicle test" from the second ordering paragraph and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Jefferson County, for further proceedings in accordance with the following memorandum: In these proceedings pursuant to Family Court Act article 6, respondent Katherine H. Hughes (mother) appeals in appeal No. 1 from an order that, inter alia, granted petitioner grandmother sole custody of the mother's older child and awarded the mother therapeutic visits with that child. In appeal No. 2, the mother appeals from a separate order that, inter alia, modified a prior custody order relating to the mother's younger child by granting petitioner father sole custody and awarding the mother therapeutic visits with that child.
Contrary to the mother's contention in appeal No. 1, we conclude that Family Court properly determined that the grandmother met her burden of proving the existence of extraordinary circumstances and, thus, that she had standing to seek custody of the older child (see Matter of Suarez v Williams, 26 NY3d 440, 446 [2015]; Matter of Thomas v Small, 142 AD3d 1345, 1345 [4th Dept 2016]). The evidence at the hearing established that the grandmother, with whom the older child had a close bond, was granted a temporary order of custody after the mother's mental health began to significantly deteriorate. The evidence further established that the mother failed to adequately address her mental health issues and that her resulting behavior was a danger to the welfare of the older child (see Matter of Kaylub T. [Erik C.—Mandy C.], 150 AD3d 862, 862-863 [2d Dept 2017]; Matter of Thomas v Armstrong, 144 AD3d 1567, 1568 [4th Dept 2016], lv denied 28 NY3d 916 [2017]).
Contrary to the mother's contention in appeal No. 2, the court did not err in determining that the father met his burden of establishing " 'a change in circumstances sufficient to warrant an inquiry into whether a change in custody is in the best interests of the [younger] child[ ]' " (Matter of Johnson v Johnson, 209 AD3d 1314, 1315 [4th Dept 2022]). The record evidence established that the mother failed to obtain the necessary mental health treatment and failed to divulge any of her mental health problems. The mother's behavior—which included making [*2]delusional statements to the children regarding the grandmother, forcing the children into hiding, and becoming physical with the grandmother in the children's presence—called the mother's fitness as a parent into question and is sufficient to establish a change in circumstances (see generally Matter of Jeremy J.A. v Carley A., 48 AD3d 1035, 1036 [4th Dept 2008]).
Contrary to the mother's further contention in both appeals, we conclude that the court's custody determinations have a sound and substantial basis in the record and should not be disturbed (see generally Matter of Krug v Krug, 55 AD3d 1373, 1374 [4th Dept 2008]). Although there is, as the mother contends, a preference for keeping siblings together, "that rule is not absolute and may be overcome where it is not in the best interests of the child[ren]" (Matter of Sandy L.S. v Onondaga County Dept. of Children & Family Servs., 188 AD3d 1751, 1753 [4th Dept 2020]). Here, in contrast to the mother, the grandmother and the father each demonstrated the ability to provide an appropriate, stable home environment for the child who is the subject of their respective petitions.
In both appeals, we conclude, however, that the court erred in requiring the mother to participate in counseling, take her medications as prescribed, and provide proof of a negative hair follicle test prior to having therapeutic visitation with the children. Although the court may include such directives as a component of visitation, it does not have the authority to make them a prerequisite to visitation (see Matter of Waite v Clancy, 136 AD3d 1287, 1287 [4th Dept 2016]; Matter of Avdic v Avdic, 125 AD3d 1534, 1535 [4th Dept 2015]). We therefore modify the orders accordingly, and we remit the matters to Family Court to fashion schedules for the mother's therapeutic visitation with each child.
We have reviewed the mother's remaining contentions in each
appeal and conclude that they are without merit.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court