Matter of Johnson v Pritchard (2025 NY Slip Op 05398)

Matter of Johnson v Pritchard

2025 NY Slip Op 05398

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND HANNAH, JJ.

696 CAF 23-02038

[*1]IN THE MATTER OF AUSTIN JOHNSON, PETITIONER-APPELLANT,
v
SHERRY PRITCHARD, RESPONDENT-RESPONDENT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR PETITIONER-APPELLANT. 

 Appeal from an order of the Family Court, Oneida County (Jason D. Flemma, J.), entered September 27, 2023, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted respondent sole legal and physical custody with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the third ordering paragraph and as modified the order is affirmed without costs and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals from an order that, among other things, modified the parties' prior orders of custody and visitation. In relevant part, the order continued sole legal and physical custody of the subject child with respondent mother and ordered the father to engage in counseling with a family counselor and, "when the counselor deems it appropriate, [the child] shall attend (virtually or in person as deemed appropriate by the counselor) family counseling with" the father.
"A rebuttable presumption that a noncustodial parent will be granted visitation is an appropriate starting point in any initial determination regarding custody and/or visitation" (Matter of Granger v Misercola, 21 NY3d 86, 90-91 [2013]; see Matter of Nwawka v Yamutuale, 107 AD3d 1456, 1457 [4th Dept 2013], lv denied 21 NY3d 865 [2013]). Here, Family Court determined that, although the relationship between the father and the child was strained, there was no showing that visitation between the father and the child "would be harmful to the child's welfare" (Granger, 21 NY3d at 91; see Matter of Merkle v Henry, 133 AD3d 1266, 1268 [4th Dept 2015]).
We agree with the father that the court erred in directing the father to engage in counseling as a condition of visitation and in delegating its authority to the counselor to determine when a resumption of visitation would be appropriate. It is well settled that " '[a]lthough a court may include a directive to obtain counseling as a component of a custody or visitation order, the court does not have the authority to order such counseling as a prerequisite to custody or visitation' " (Matter of Bonilla-Wright v Wright, 213 AD3d 1289, 1291 [4th Dept 2023]; see Matter of Sharlow v Hughes, 213 AD3d 1200, 1202 [4th Dept 2023]; Matter of Rice v Wightman, 167 AD3d 1529, 1530 [4th Dept 2018], lv denied 33 NY3d 903 [2019]). In addition, a court may not give counselors "the authority to determine if and when visitation would occur" (Rice, 167 AD3d at 1530; see Matter of Roskwitalski v Fleming, 105 AD3d 1432, 1433 [4th Dept 2013]). We therefore modify the order by vacating the third ordering paragraph, and we remit the matter to Family Court to set forth, if warranted, an appropriate visitation schedule, after a further hearing if necessary.
We have considered the father's remaining contention and conclude that it does not warrant further modification or reversal of the order.
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court