■ The People of the State of New York ex rel. Dante H. Santora, on Behalf of Zavier Etheredge, Respondent, v Janice L. Etheredge, Appellant. [650 NYS2d 994] —In a habeas corpus proceeding, the mother appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Donovan, J.), dated March 20, 1995, as, after a hearing, declined to award her custody of the parties' child and directed that the sole custody of the child was awarded to the father. The appellant's notice of appeal from a decision of the same court dated March 6, 1995, is deemed to be a premature notice of appeal from the judgment.

Ordered that the judgment is affirmed insofar as appealed from, with costs payable by the appellant to the respondent.

The Supreme Court properly awarded custody to the father. The preeminent concern in the child custody matters is the best interests of the child *(see, Eschbach v Eschbach,* 56 NY2d 167). Inasmuch as no prima facie right to custody exists in

favor of either parent *(see,* Domestic Relations Law §§ 70, 240), the court is obliged to conduct a comprehensive hearing and to carefully consider all relevant factors in rendering its determination. The court's determination, made after such a hearing, is entitled to great weight and should not be lightly set aside *(see, Eschbach v Eschbach, supra,* at 171-174). We agree with the Supreme Court that the best interests of the child will be served by awarding custody to the father.

The appellant's remaining contentions are without merit. Santucci, J. P., Joy, Krausman and Florio, JJ., concur.