■ In the Matter of RICHARD CATTELL, Appellant, v DEBORAH AHREM, Respondent. (Proceeding No. 1.) In the Matter of LISA CATTELL, Respondent, v RICHARD CATTELL, Appellant. (Proceeding No. 2.) [678 NYS2d 658] —In two proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Trainor, J.), entered November 9, 1995, as consolidated the proceedings for trial, denied the father's application for court appointed counsel in Proceeding No. 1, denied the petition in Proceeding No. 1, and awarded Deborah Ahrem, the respondent in Proceeding No. 1, counsel fees in the sum of $2,500.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The record fails to support the father's contention that the Family Court *sua sponte* ordered the two proceedings consolidated for trial. The court's determination was the result of an application made by the attorney for the respondent in Proceeding No. 1 and the petitioner in Proceeding No. 2, and joined by the Law Guardian. Furthermore, in light of the common issues presented by the proceedings, and the father's failure to establish prejudice to a substantial right, we agree with the Family Court that consolidation of the proceedings for trial was appropriate (*see,* CPLR 602 [a]; *McDutchess Bldrs. v Dutchess Knolls,* 244 AD2d 534). As the court noted in the order on appeal, the issue of the father's right to assigned counsel as the petitioner in Proceeding No. 1 was rendered academic upon the consolidation of that proceeding with Proceeding No. 2 in which he was the respondent and had counsel assigned to him.

The evidence at the hearing amply supports the Family Court's findings in Proceeding No. 1 that the father had not attempted to visit or contact his son for 10 years, and that the father was violent, unstable, and irresponsible. Although denial of a parent's right of visitation is a drastic remedy, under the circumstances of this case, we agree with the Family Court that forcing the son to visit the father would be detrimental to the son's welfare (*see, Jones v Jones,* 185 AD2d 228; *Matter of Jones v Jones,* 155 AD2d 542; *Matter of Heyer v Heyer,* 112 AD2d 539; *Goldring v Goldring,* 73 AD2d 955).

Finally, we decline to disturb the award of counsel fees to Deborah Ahrem, the respondent in Proceeding No. 1. Mangano, P. J., Rosenblatt, Ritter and Altman, JJ., concur.