In the Matter of JOHVANNY HERRERA, Respondent, v KELLY O'NEILL, Appellant. [798 NYS2d 126]—

In a visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Freundlich, J.), entered May 27, 2004, which, after

a hearing, denied her petition to modify a prior order of the same court entered January 30, 2001, inter alia, prohibiting her from contacting the child.

Ordered that the order is affirmed, without costs or disbursements.

The determination of visitation to a noncustodial parent is within the sound discretion of the hearing court, based upon the best interests of the child (*see Matter of Kachelhofer v Wasiak*, 10 AD3d 366 [2004]; *Jordan v Jordan*, 8 AD3d 444 [2004]). The hearing court's determination "depends to a great extent upon its assessment of the credibility of the witnesses and upon the assessments of the character, temperament, and sincerity of the parents" (*Maloney v Maloney*, 208 AD2d 603 [1994]). Therefore, it should not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Kachelhofer v Wasiak, supra*). In this case, the Family Court's finding has a sound and substantial basis in the record promoting the child's best interest.

In view of the extraordinary circumstances in this case, the Family Court providently exercised its discretion in denying the mother visitation (*see Matter of Michael F. v Cerise S.*, 224 AD2d 692 [1996]; *Matter of St. Vincent's Servs. [Joseph Bernard H.] v Jean H.*, 211 AD2d 799, 800 [1995]). The record establishes that the mother had recurring bouts of illicit drug use and alcoholism as recently as four months before the hearing. She repeatedly neglected and abandoned the child at issue in this case as well as her other children, which led to the termination of her parental rights as to one of those children. Moreover, she exhibited erratic behavior and conduct in court, which not only confirmed that visitation would be detrimental to the child, but also resulted in temporary removal of her newborn daughter. H. Miller, J.P., Ritter, Goldstein and Skelos, JJ., concur.