■ In the Matter of HERBERT McMILLIAN, Appellant, v MAE RIZZO, Respondent. [817 NYS2d 679]—

In a proceeding pursuant to Family Court Act article 6, the father appeals (1), as limited by his brief, from so much of an order of the Family Court, Queens County (DePhillips, J.), dated May 4, 2005, as denied that branch of his petition which was for overnight visitation with the subject child, and (2) from an order of the same court, also dated May 4, 2005, which denied his motion to adjudicate the mother in contempt of a temporary order of visitation of the same court (Tallmer, J.), dated May 22, 2003.

Ordered that the first order dated May 4, 2005 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the second order dated May 4, 2005 is affirmed, without costs or disbursements.

"The determination of visitation to a noncustodial parent is within the sound discretion of the hearing court, based upon the best interests of the child" (*Matter of Herrera v O'Neill*, 20 AD3d 422, 423 [2005]). The Family Court's determination "depends to a great extent upon its assessment of the credibility of the witnesses and upon the assessments of the character, temperament, and sincerity of the parents" (*Maloney v Maloney*, 208 AD2d 603, 603 [1994]; *see Matter of Halpern v Halpern*, 20 AD3d 420, 420-421 [2005]). While the express wishes of the child are not controlling, they are entitled to great weight, particularly where the child's age and maturity would make his or her input particularly meaningful (*see Matter of O'Connor v Dyer*, 18 AD3d 757 [2005]; *Matter of Kocowicz v Kocowicz*, 306 AD2d 285, 285-286 [2003]). Visitation determinations should not be disturbed unless they lack a sound and

substantial basis in the record (*see Matter of Keylikhes v Kiejliches*, 25 AD3d 801, 801 [2006]). In this case, the Family Court's finding that overnight visitation was not in the best interests of the child has a sound and substantial basis in the record.

The father failed to demonstrate by competent proof that the mother willfully violated the temporary order of visitation (*cf. Matter of Laland v Edmond*, 13 AD3d 451 [2004]; *Matter of Holden v Cardozo*, 8 AD3d 567, 568 [2004]).

The father's remaining contentions are without merit. Crane, J.P., Spolzino, Fisher and Lunn, JJ., concur.