█ In the Matter of MILTON THOMAS, Appellant, v GRACE THOMAS, Respondent. [826 NYS2d 438]—

In a visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Negron, R.), dated December 6, 2005, which, after a hearing, denied him visitation with the subject child.

Ordered that the order is affirmed, without costs or disbursements.

"The determination of visitation to a noncustodial parent is within the sound discretion of the hearing court, based upon the best interests of the child" (*Matter of Herrera v O'Neill,* 20 AD3d 422, 423 [2005]). The Family Court's determination "depends to a great extent upon its assessment of the credibility of the witnesses and upon the assessments of the character, temperament, and sincerity of the parents" (*Maloney v Maloney,* 208 AD2d 603, 603 [1994]; *see Matter of McMillian v Rizzo,* 31 AD3d 555, 555 [2006]). Therefore, it should not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Keylikhes v Kiejliches,* 25 AD3d 801, 801 [2006]). The Family Court's finding has a sound and substantial basis in the record to promote the best interests of the child by denying the father visitation.

This determination was consistent with the testimony of the court-appointed psychologist, the psychologist's report, and the recommendation of the Law Guardian, in which they opined that visitation with the father would be detrimental to the child. Additionally, the record demonstrated the father's dismissive treatment of the proceeding, and his pattern of physical, sexual, and emotional abuse towards the mother and siblings of the subject child (*see Matter of Herrera v O'Neill, supra; Matter of Grossman v Grossman,* 5 AD3d 486, 487 [2004]). Further, the father displayed a failure to understand the seriousness of his abusive behavior by refusing to admit that he had a substance abuse problem, refusing to be tested for drugs or alcohol, and never undergoing therapy as suggested by the psychologist.

Contrary to the father's contention, the Family Court did not order him to undergo therapy but properly relied upon the psychologist's report as a factor in reaching the decision to deny the father visitation. Moreover, the court did not delegate to the psychologist its responsibility for determining the father's visitation rights (*see Zafran v Zafran,* 28 AD3d 753, 757, 758 [2006]; *cf. Matter of Graves v Smith,* 264 AD2d 844, 844 [1999]). Miller, J.P., Crane, Lifson and Dillon, JJ., concur.