█ In the Matter of KEVIN COURTNEY CHASE, Respondent, v SHERIFFA MATANDA-CHASE, Appellant. (Proceeding No. 1.) In the Matter of SHERIFFA MATANDA-CHASE, Appellant, v KEVIN COURTNEY CHASE, Respondent. (Proceeding No. 2.) [837 NYS2d 319]—

In two related child custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Hepner, J.), dated May 22, 2006, as, after a hearing, granted the father's petition for sole custody of the parties' child, denied the mother's cross petition for sole custody of the parties' child, and awarded sole custody of the parties' child to the father.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

There is no prima facie right to custody in either parent (*see* Domestic Relations Law § 70; *People ex rel. Santora v Etheredge*, 233 AD2d 538 [1996]). In making any award of custody, the paramount consideration is the best interests of the child (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]). To the extent that the Family Court's determination depends upon its assessment of the credibility of the witnesses and the character,

temperament, and sincerity of the parents, the findings of the Family Court are entitled to great deference on appeal (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]; *see also Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]).

Contrary to the mother's contentions, the award of sole custody of the child to the father has a sound and substantial basis in the record. While neither parent is unfit and either would provide the child with a comfortable and loving home, the child has resided in the father's home since 2003. At that time, the mother believed that she did not have stable employment, and thus acquiesced to the child residing with the father. While living with his father, the child has thrived both at home and in school. This custody arrangement is supported by the recommendation of the court-ordered investigator. "Under the circumstances of this case, there is no reason to disrupt the stability and continuity of the present situation" (*Matter of Bryant v Nazario*, 306 AD2d 529 [2003]; *see Matter of Rodriguez v Irizarry*, 29 AD3d 704 [2006]; *Matter of King v King*, 225 AD2d 697 [1996]).

The mother's remaining contentions are without merit. Miller, J.P., Ritter, Santucci and Florio, JJ., concur.