■ In the Matter of TIMOTHY JOHNSON, Appellant, v GERTRUDE WILLIAMS, Respondent. [874 NYS2d 498]—

In a visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Hepner, J.), dated October 5, 2007, which, after a hearing, denied his petition for visitation with the subject child.

Ordered that the order is affirmed, without costs or disbursements.

The evidence at the hearing amply supports the Family Court's findings that the father had not seen his son since he was an infant, concededly had no relationship with him, and never provided any financial support for him. Moreover, the father had not attempted to visit or contact his son until he was nearly 10 years old, and the son did not wish to have a relationship with him. Although denial of a parent's right of visitation is a drastic remedy, under the circumstances, we agree with the Family Court that forcing the son to visit the father would be detrimental to the son's welfare (*see Matter of Razo v Leyva*, 3 AD3d 571 [2004]; *Matter of Williams v Tillman*, 289 AD2d 885 [2001]; *Matter of Cattell v Ahrem*, 254 AD2d 356 [1998]). Contrary to the father's contention, the Family Court did not improvidently exercise its discretion in denying his request for forensic evaluations (*see* Family Ct Act § 251). The Family Court had before it the report of a court-ordered investigation by the Administration for Children's Services, conducted a full evidentiary hearing at which the father testified, and conducted an in camera interview with the child. Therefore, it possessed sufficient information to render an informed decision consistent with child's best interests (*see Matter of McCullough v Brown*, 21 AD3d 1349 [2005]; *Matter of Bougor v Murray*, 283 AD2d 695 [2001]). Skelos, J.P., Dillon, Angiolillo and Eng, JJ., concur.