■ In the Matter of DAVID V., Appellant, v ROSALIND W., Respondent. [879 NYS2d 484]—

In a visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Seiden, Ct. Atty. Ref.), dated May 21, 2008, which, upon a decision of the same court dated April 24, 2008, after a hearing, denied his petition for visitation with the subject children.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed a notice of appeal from the order dated May 21, 2008 (*see* CPLR 5512 [a]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The determination of whether to award visitation to a noncustodial parent lies within the sound discretion of the hearing court, and must be based upon the best interests of the child (*see Matter of Herrera v O'Neill*, 20 AD3d 422, 423 [2005]; *Matter of Thomas v Thomas,* 35 AD3d 868, 869 [2006]). Although denial of a parent's right of visitation is a drastic remedy, visitation may be denied where there is evidence that visitation would be detrimental to the welfare of the children (*see Matter of Johnson v Williams,* 59 AD3d 445 [2009]; *Matter of*

*Cattell v Cattell,* 254 AD2d 356 [1998]). A visitation determination should not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Thomas v Thomas,* 35 AD3d at 869; *Matter of Keylikhes v Kiejliches,* 25 AD3d 801 [2006]).

Contrary to the father's contention, there is a sound and substantial basis in the record to conclude that visitation would be detrimental to the welfare of the children. The record reveals that a finding of neglect was entered against the father in March 1999 based upon allegations that he sexually abused his now 11-year-old daughter when she was an infant, in the presence of his then 6-year-old son. Although a dispositional order issued in November 2000 prohibited the father from having visitation with either of the children until he engaged in sex-offender therapy, the father did not begin to regularly participate in any therapy program until several years later, and the program he entered did not focus on sex-offender treatment. Evidence also was presented that the father has limited impulse control and coping skills, leaving him vulnerable to acting-out behaviors, and the psychologist who conducted a forensic evaluation of the family concluded that visitation would be harmful to the emotional well-being of both children. The record also demonstrates that the father had almost no contact with his daughter since she was an infant, and that his now 17-year-old son, who suffers from a serious psychiatric disorder, adamantly opposes visitation. Under these circumstances, the Family Court properly denied the father's petition for visitation (*see Matter of Johnson v Williams,* 59 AD3d 445 [2009]; *Matter of Sassower-Berlin v Berlin,* 58 AD3d 635 [2009]; *Matter of Thomas v Thomas,* 35 AD3d at 869; *Matter of Razo v Leyva,* 3 AD3d 571 [2004]; *Matter of Cattell v Cattell,* 254 AD2d 356 [1998]; *see also Matter of Sharon E.,* 251 AD2d 663, 664 [1998]). Miller, J.P., Angiolillo, Eng and Austin, JJ., concur.