█ In the Matter of PHILLIP ROELOFSEN, Appellant, v JULIETTA TIBERIE, Respondent. [883 NYS2d 543]—

In related child custody proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Boggio, Ct. Atty. Ref.), dated December 2, 2008, which, after a hearing, granted the mother's motion, in which the attorney for the children joined, to dismiss his amended petition to modify certain custody provisions of the parties' judgment of divorce entered September 26, 2005, awarding the mother physical custody of the parties' three children, so as to award him physical custody of the subject children.

Ordered that the order dated December 2, 2008 is affirmed, with costs.

Pursuant to the parties' judgment of divorce, which incorporated but did not merge the terms of the parties' stipulation of settlement, the mother was awarded physical custody of the

parties' three children, and the father was awarded visitation. The father commenced the instant proceeding seeking physical custody of the parties' three children.

"To modify an existing custody arrangement, there must be a showing of a change of circumstances such that modification is required to protect the best interests of the child" (*Matter of Zeis v Slater*, 57 AD3d 793, 793 [2008], *lv denied* 12 NY3d 705 [2009]; *see* Family Ct Act § 652 [a]; *Matter of Molinari v Tuthill*, 59 AD3d 722 [2009]; *Matter of Manfredo v Manfredo*, 53 AD3d 498, 499 [2008]). Here, the Family Court properly granted the mother's motion, in which the attorney for the children joined, to dismiss the father's amended petition to modify certain custody provisions of the parties' judgment of divorce. The father presented no evidence of parental alienation that would justify a change in physical custody (*see Matter of Mooney v Ferone*, 34 AD3d 679 [2006]). Moreover, the father failed to demonstrate that an award of physical custody to him would be in the best interests of the children.

While the father contends that the refusal of his oldest son to participate in visitation with him is caused by the mother's interference, the record reveals that the deterioration of the relationship between the father and the parties' oldest son is due to the father's own conduct and the father's failure to make genuine efforts towards reconciliation.

The father's remaining contention is without merit.

We decline the mother's request to impose a sanction against the father for bringing an allegedly frivolous appeal (*see* 22 NYCRR 130-1.1). Skelos, J.P., Angiolillo, Balkin and Belen, JJ., concur.