In the Matter of SHAWN ADAMS, Respondent, v JOYCE PERRYMAN, Appellant. [891 NYS2d 131]—

To modify an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (*see Matter of Zeis v Slater*, 57 AD3d 793, 794 [2008]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]). Deference should be accorded the hearing court, which saw and heard the witnesses, and the hearing court's custody

determination should not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Zeis v Slater,* 57 AD3d at 794).

Here, the Family Court's determination that the mother failed to satisfy her burden of demonstrating a change of circumstances warranting a change of custody is supported by a sound and substantial basis in the record. The mother "presented no evidence of parental alienation that would justify a change in physical custody" (*Matter of Roelofsen v Tiberie,* 64 AD3d 603, 604 [2009]). Accordingly, we decline to disturb the Family Court's determination (*see Matter of Roelofsen v Tiberie,* 64 AD3d 603 [2009]; *see also Matter of Chase v Matanda-Chase,* 41 AD3d 475, 476 [2007]; *Matter of Bryant v Nazario,* 306 AD2d 529 [2003]).

The mother's remaining contentions are without merit. Dillon, J.P., Florio, Miller and Angiolillo, JJ., concur.