■ In the Matter of PAUL KORTLANG, Appellant, v DEANA KORTLANG, Respondent. [938 NYS2d 457]—

" 'In order to modify an existing custody or visitation arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child' " (*Matter of Manzella v Milano*, 82 AD3d 1242 [2011], quoting *Matter of Arduino v Ayuso*, 70 AD3d 682, 682 [2010]) " 'The court's determination [with respect to custody and visitation] depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents' " (*Matter of Manzella v Milano*, 82 AD3d at 1242, quoting *Matter of Blanco v Corbett*, 8 AD3d 374, 374 [2004]). As such, the hearing court's credibility determinations are entitled to great weight and should not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Manzella v Milano*, 82 AD3d at 1242; *Matter of Thomas v Thomas*, 35 AD3d 868 [2006]).

Here, the Family Court's determination that the best interests of the subject child did not warrant modification of a prior order of custody and visitation so as to, inter alia, award the father supervised therapeutic visitation with the child, had a sound and substantial basis in the record. That determination was consistent with the testimony and report of a court-appointed psychologist, who performed a forensic evaluation in connection with this proceeding, and the position of the attorney for the child, both of whom indicated that reinstating contact would be detrimental to the welfare of the child (*see Matter of Thomas v Thomas*, 35 AD3d 868 [2006]). Dillon, J.P., Leventhal, Belen and Lott, JJ., concur.