■ In the Matter of LYDIA M.G., Respondent, v ADMINISTRA-TION FOR CHILDREN's SERVICES, Respondent, and MIGUEL P., Appellant. [942 NYS2d 222]—

In a custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (McGowan, J.), entered April 20, 2011, as, without a hearing, and upon granting the mother's petition for an award of sole custody of the parties' child Alyssa, failed to award him visitation with the child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"The determination of whether to award visitation to a noncustodial parent lies within the sound discretion of the hearing court, and must be based upon the best interests of the child" (*Matter of David V. v Rosalind W.*, 62 AD3d 717, 717 [2009]; *see Matter of Ciccone v Ciccone*, 74 AD3d 1337 [2010]). The Family Court's determination should not be disturbed on appeal unless it lacks a sound and substantial basis in the record (*see Matter of Smith v Dawn F.B.*, 88 AD3d 729 [2011]; *Matter of David V. v Rosalind W.*, 62 AD3d 717 [2009]; *cf. Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]).

In related child protective proceedings, the father admitted to a finding of sexual abuse regarding the parties' child Alyssa (hereinafter the child) and her sibling, pursuant to Family Court Act § 1051 (a). The child's therapist, as well as the attorney for the child, strongly recommended that the father have no contact with the child at this time because the child was not ready, and any contact with him would be harmful to her emotional wellbeing. Indeed, in a companion appeal, this Court is, inter alia, affirming an order of protection prohibiting the father from having any contact with the child for a period of one year (*see Matter of Alyssa G. [Miguel P.]*, 94 AD3d 995 [2012] [decided herewith]). The record, therefore, contains a sound and substantial basis for the denial, in the child's best interests, of the father's request for visitation (*see Matter of David V. v Rosalind W.*, 62 AD3d 717 [2009]; *Matter of Carmen L.*, 37 AD3d 468 [2007]; *Matter of Sharon E.*, 251 AD2d 663, 664 [1998]).

Accordingly, the Family Court properly declined to award the father visitation with the child. Mastro, A.P.J., Hall, Lott and Sgroi, JJ., concur.