Rose, J.E
Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered January 18, 2012, which dismissed petitioner’s application, in a proceeding pursuant to Family Ct article 6, for modification of a prior order of visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a daughter (born in 2000). After the father abruptly left the state in 2003 without explanation and without providing any means of contact, sole custody of the child was awarded to the mother pursuant to an order entered on the father’s default. He resurfaced more than eight years later when he commenced this proceeding to modify the order by granting him visitation. Following a fact-finding hearing, Family Court directed the mother to provide the father with regular updates regarding the child, but concluded that visitation was not presently in the child’s best interest. We affirm.
“ ‘Visitation by a noncustodial parent is presumed to be in the child’s best interest and should be denied only in exceptional situations, such as where substantial evidence reveals that visitation would be detrimental to the welfare of the child’ ” (Matter of Marshall v Bradley, 59 AD3d 870, 871 [2009], quoting Matter of Frierson v Goldston, 9 AD3d 612, 614 [2004]; see Matter of Susan LL. v Victor LL., 88 AD3d 1116, 1119 [2011]). Here, the evidence established that, in 2002, a one-year order of protection had been issued against the father based on statements he made to the mother threatening to harm her and the child. After the order expired, the father had supervised visitations, but he abandoned them soon after they commenced and moved away without telling the mother or child that he was leaving or where he had gone. Although he returned to the area in 2007, he did not seek visitation until he commenced this proceeding in 2011, claiming that he had various unspecified personal issues he first needed to resolve. The father never sent the child any letters, cards, pictures or gifts, claiming that he did not know if the order of protection prevented him from doing so, and he offered no reasonable explanation for his complete absence from the child’s life for over eight years. The record also reveals that the child has bonded with her stepfather, who *1285 has been in her life since she was two years old, and that the child does not wish to have visitation. The father’s newly found desire to have contact has caused her to feel anxious, cry and become upset, and she has been in therapy to deal with her anxiety over the court proceedings. Under these circumstances, we find no basis to disturb Family Court’s determination (see Matter of Johnson v Williams, 59 AD3d 445, 445 [2009]; Matter of Cattell v Ahrem, 254 AD2d 356, 356 [1998]; Matter of Heyer v Heyer, 112 AD2d 539, 540 [1985]).
Nor are we persuaded that Family Court improperly relied on either the mother’s testimony regarding her observations of the child’s emotional reaction to the prospect of visitation or the strong position of the attorney for the child (see e.g. Matter of Thompson v Yu-Thompson, 41 AD3d 487, 488 [2007]). Furthermore, given the child’s emotional turmoil, and the fact that her wishes were known by the court, we find no abuse of discretion in the court’s failure to hold a Lincoln hearing (see Matter of Burrell v Burrell, 101 AD3d 1193, 1195 [2012]; Matter of DeRuzzio v Ruggles, 88 AD3d 1091, 1091-1092 [2011]; Matter of Carolyn S. v Tompkins County Dept. of Social Servs., 80 AD3d 1087, 1091 [2011]).
Lahtinen, Spain and Garry, JJ., concur. Ordered that the order is affirmed, without costs.