■ In the Matter of GONY WEISS, Respondent, v JARED ROSENTHAL, Appellant. [989 NYS2d 909]—

In a child custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from stated portions of an order of the Family Court,

Rockland County (Eisenpress, J.), entered February 27, 2013, which, after a hearing, inter alia, granted the mother's petition to modify a prior order of the same court dated July 13, 2011, entered on consent of the parties, so as to change the father's visitation with the subject child.

Ordered that the order entered February 27, 2013, is affirmed insofar as appealed from, with costs payable by the appellant to the petitioner.

In order to modify an existing custody or visitation arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child (*see Matter of Kortlang v Kortlang*, 92 AD3d 785, 785 [2012]; *Matter of Manzella v Milano*, 82 AD3d 1242, 1242 [2011]; *Matter of Arduino v Ayuso*, 70 AD3d 682, 682 [2010]). Here, the mother established that the father's unwillingness to communicate appropriately with the mother about the subject child's health and welfare, and the unchecked and persistent denigration of the mother in the child's presence by the paternal grandparents with whom the father resides, and the father's failure to discourage such conduct as well as his participation in such conduct, constituted a change in circumstances warranting a modification of the existing visitation order. The court's determination with respect to custody and visitation depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents (*see Matter of Kortlang v Kortlang*, 92 AD3d at 785; *Matter of Manzella v Milano*, 82 AD3d at 1242; *Matter of Blanco v Corbett*, 8 AD3d 374 [2004]). As such, the hearing court's credibility determinations are entitled to great weight and should not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Kortlang v Kortlang*, 92 AD3d at 785; *Matter of Manzella v Milano*, 82 AD3d at 1242; *Matter of Thomas v Thomas*, 35 AD3d 868 [2006]). The Family Court properly determined that it was in the child's best interests to change the father's visitation schedule. Skelos, J.P., Hall, Duffy and Barros, JJ., concur.