■ In the Matter of NI-NA C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; XIAO Q.C., Appellant. (Proceeding No. 1.) In the Matter of KYLE C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; XIAO Q.C., Appellant. (Proceeding No. 2.) [21 NYS3d 309]—

Appeals from (1) an order of fact-finding of the Family Court, Queens County (Margaret P. McGowan, J.), dated January 30, 2014, and (2) an order of disposition of that court dated March 7, 2014. The order of fact-finding, after a hearing, found that the father neglected the subject children. The order of disposition, insofar as appealed from, after a hearing, declined to award the father visitation with the subject children.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

A neglect petition was filed by the Administration for Children's Services against the father. After a fact-finding hearing, the Family Court found that the father neglected the subject children through acts of domestic violence against the mother and by using excessive corporal punishment. The Family Court held a dispositional hearing, after which it declined to grant the father visitation at that time, indicating that it would revisit the issue upon receiving more information from the children's therapist.

Contrary to the father's contention, the Family Court did not improvidently exercise its discretion in declining to award the father visitation during the period in which further information was gathered from the children's therapist. The best interests of the children determine whether visitation should be permitted to a parent who has committed neglect (*see Matter of Amparo B.T. [Carlos B.E.]*, 118 AD3d 809, 811 [2014]). Considering the multiple neglect findings against the father, his denial of any wrongdoing, his need for services, as well as his angry and hostile demeanor at court appearances, the Family Court's determination as to visitation had a sound and substantial basis in the record (*see Matter of Janiyah T. [Lateek C.]*, 85 AD3d 1041, 1042 [2011]; *Matter of DeJesus v Tinoco*, 267 AD2d 308, 308-309 [1999]; *Matter of Sharon E.*, 251 AD2d 663, 664 [1998]; *see also Matter of Amparo B.T. [Carlos B.E.]*, 118 AD3d at 811-812).

Further, contrary to the father's contention, the Family Court did not delegate its authority to determine the best interests of the children to their therapist. Rather, the Family Court expressed its intention to gather information from the children's therapist to assist it in determining the best interests of the children (*see Matter of Giannoulakis v Kounalis*, 97 AD3d 748, 749 [2012]; *Matter of Lydia M.G. v Administration for Children's Servs.*, 94 AD3d 995, 995 [2012]; *Matter of David V. v Rosalind W.*, 62 AD3d 717, 718 [2009]; *Matter of Sharon E.*, 251 AD2d at 664; *cf. Matter of Rhodie v Nathan*, 67 AD3d 687, 687 [2009]; *Matter of Juliane M.*, 23 AD3d 473 [2005]; *Matter of Grisanti v Grisanti*, 4 AD3d 471, 474-475 [2004]; *Matter of Rueckert v Reilly*, 282 AD2d 608, 609 [2001]).

The parties' remaining contentions are not properly before us, as they are based on matter dehors the record. Mastro, J.P., Dickerson, Roman and Maltese, JJ., concur.