In the Matter of NANCY ROSE ASHTON, Appellant, v JEFFREY DOROSKI, Respondent. (Proceeding No. 1.) In the Matter of JEFFREY DOROSKI, Respondent, v NANCY ROSE ASHTON, Appellant. (Proceeding No. 2.) [24 NYS3d 919]—

Appeals from (1) a decision of the Family Court, Suffolk County (Bernard Cheng, J.), dated October 24, 2014, (2) an order of that court dated October 24, 2014, and (3) an amended order of that court dated December 11, 2014. The order, upon the decision made after a hearing, denied the mother's petition to modify a prior order of custody and visitation so as to award her sole custody of the parties' child with supervised visitation to the father. The amended order, upon the order and upon the mother's motion, added a provision regarding Christmas visitation.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal from the order is dismissed, as the order was superseded by the amended order; and it is further,

Ordered that the amended order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the father.

The mother petitioned to modify an order of custody and visitation which gave the father sole custody of the parties' child, claiming that the father was alienating her from the child by interfering with her visitation. After a hearing, the Family Court denied the petition. The mother appeals.

Modification of an existing custody order is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child (*see Matter of Tobar v Velez-Molina*, 95 AD3d 1224 [2012]). The best interests of the child are determined by a review of the totality of the circumstances (*see Matter of Strand-O'Shea v O'Shea*, 32 AD3d 398 [2006]). As custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties,

the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]).

Here, the Family Court's determination that the mother failed to satisfy her burden of demonstrating a change of circumstances warranting a change of custody is supported by a sound and substantial basis in the record. Contrary to the mother's contention that the father was alienating her from the child by interfering with her visitation, she failed to present evidence of parental alienation that would justify a change in physical custody (*see Matter of Roelofsen v Tiberie*, 64 AD3d 603, 604 [2009]). Accordingly, we decline to disturb the Family Court's determination (*see Matter of Adams v Perryman*, 68 AD3d 860, 861 [2009]; *Matter of Roelofsen v Tiberie*, 64 AD3d 603 [2009]).

The mother's contentions regarding purported alterations to her motion papers are not properly before us on these appeals.

The mother's remaining contentions are without merit. Leventhal, J.P., Chambers, Sgroi and Barros, JJ., concur.