■ In the Matter of JUAN L. SANDERS, Respondent-Appellant, v LILLIAN JACO, Appellant-Respondent. [48 NYS3d 729]—

Appeal by the mother and cross appeal by the father from an order of the Family Court, Queens County (Mildred T. Negron, Ct. Atty. Ref.), dated January 26, 2015. The order, insofar as appealed from, after a hearing, denied the mother's petition to modify a prior order of visitation of that court dated April 27, 2010, so as to suspend the father's visitation with the parties' child and granted that branch of the father's petition which was, in effect, to modify the order dated April 27, 2010, so as to award him increased visitation with the child. The order, insofar as cross-appealed from, denied that branch of the

father's petition which was to modify a prior order of custody and visitation of that court dated September 14, 2004, so as to award him sole custody of the child.

Ordered that the order dated January 26, 2015, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The parties are the parents of a child born in 2001. An order of custody and visitation dated September 14, 2004, awarded sole custody of the child to the mother and visitation to the father. Subsequently, an order of visitation dated April 27, 2010, continued the father's visitation with the child. The father filed a petition seeking to modify the order dated September 14, 2004, so as to award him sole custody of the child or, in effect, in the alternative, to modify the order dated April 27, 2010, so as to award him increased visitation with the child. The mother filed a petition to modify the order dated April 27, 2010, so as to suspend visitation between the father and the child. In the order appealed from, the Family Court, after a hearing, denied the mother's petition and that branch of the father's petition which sought sole custody of the child, but granted that branch of the father's petition which was, in effect, to modify the order dated April 27, 2010, so as to award him increased visitation with the child. The mother appeals and the father cross-appeals.

"To modify an existing custody arrangement, there must be a showing of a change of circumstances such that modification is required to protect the best interests of the child" (*Matter of Zeis v Slater*, 57 AD3d 793, 793 [2008]; *see Matter of Molinari v Tuthill*, 59 AD3d 722 [2009]; *Matter of Manfredo v Manfredo*, 53 AD3d 498 [2008]). "Parental alienation of a child from the other parent, including willful interference with his or her visitation rights, is an act so inconsistent with the best interests of the children as to, per se, raise a strong probability that the [offending party] is unfit to act as custodial parent" (*Matter of Bennett v Schultz*, 110 AD3d 792, 793 [2013] [internal quotation marks omitted]). Here, the father failed to demonstrate that a change of custody would be in the child's best interests. While the father contends that the child's desire not to participate in visitation with him is caused by the mother's interference, the record reveals that the deterioration of the relationship between the father and the child is due, in part, to the father's own conduct and his failure to make sufficient efforts towards improving his relationship with the child. Therefore, the father failed to present sufficient evidence of parental alienation by the mother to warrant a change of

custody (*see Matter of Roelofsen v Tiberie*, 64 AD3d 603 [2009]; *see generally Matter of Chase v Matanda-Chase*, 41 AD3d 475 [2007]).

"Visitation is a joint right of the noncustodial parent and of the child" (*Weiss v Weiss*, 52 NY2d 170, 175 [1981]). "The determination of visitation to a noncustodial parent is within the sound discretion of the hearing court, based upon the best interests of the child" (*Matter of Herrera v O'Neill*, 20 AD3d 422, 423 [2005]). As the court's determination "depends to a great extent upon its assessment of the credibility of the witnesses and upon the assessments of the character, temperament, and sincerity of the parents" (*Maloney v Maloney*, 208 AD2d 603, 603 [1994]; *see Matter of McMillian v Rizzo*, 31 AD3d 555 [2006]), it should not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Keylikhes v Kiejliches*, 25 AD3d 801 [2006]). Here, the Family Court's determination that increased visitation with the father is in the child's best interests is supported by a sound and substantial basis in the record and, thus, will not be disturbed (*see generally Matter of Thomas v Thomas*, 35 AD3d 868 [2006]). Austin, J.P., Miller, LaSalle and Connolly, JJ., concur.