■ In the Matter of JOHN F. YOUNG, Appellant, v MERRY L. RIOS, Respondent. [57 NYS3d 608]—

Appeal from an order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered December 22, 2015 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner father commenced this violation proceeding, alleging that respondent mother has not allowed him visitation with their child despite a prior order that, inter alia, allowed the father visitation "at times and places as [the] parties can agree." The Attorney for the Child (AFC) moved to dismiss the petition on the ground that the father was equitably estopped from asserting his visitation rights due to his failure to establish a relationship with the child. Family Court proceeded with a hearing on both the violation petition and the AFC's motion and thereafter granted the motion of the AFC. The father appeals. We affirm the order dismissing the petition, but our reasoning differs from that of the court.

We agree with the father that the court erred in invoking the doctrine of equitable estoppel in the context of a violation petition and in granting the AFC's motion based on that doctrine. "The purpose of equitable estoppel is to preclude a person from asserting a right after having led another to form the reasonable belief that the right would not be asserted, and loss or prejudice to the other would result if the right were asserted. The law imposes the doctrine as a matter of fairness. Its purpose is to prevent someone from enforcing rights that would work injustice on the person against whom enforcement is sought and who, while justifiably relying on the opposing party's actions, has been misled into a detrimental change of position" (*Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]). Here, there is a prior order establishing the father's visitation rights, and he is alleging that the mother violated that order; he is not seeking visitation rights in the first instance (*cf. Matter of Johnson v Williams*, 59 AD3d 445, 445 [2009]; *Matter of Razo v Leyva*, 3 AD3d 571, 571-572 [2004]; *see generally Jean Maby H. v Joseph H.*, 246 AD2d 282, 285-290 [1998]).

Nevertheless, because the court proceeded with a full hearing on the merits, we have an adequate record and may determine the merits of the father's violation petition " 'in the interest of judicial economy and to avoid further delay' " (*Matter of Maher v Maher*, 1 AD3d 987, 988 [2003]). We conclude that the father failed to establish by clear and convincing evidence that the mother willfully violated the order regarding visitation (*see Matter of Palazzolo v Giresi-Palazzolo*, 138 AD3d 866, 867 [2016]; *see also Matter of Oravec v Oravec*, 89 AD3d 1475, 1475 [2011]). Finally, we note that the father's contention that a specific visitation schedule is in the child's best interests

is not properly before us in the context of this violation petition, but the father may properly raise that contention in the context of a modification petition. Present—Centra, J.P., Lindley, DeJoseph, NeMoyer and Troutman, JJ.