Matter of Lela G. v Shoshanah B. (2019 NY Slip Op 03659)





Matter of Lela G. v Shoshanah B.


2019 NY Slip Op 03659


Decided on May 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2019

Renwick, J.P., Richter, Tom, Kahn, Moulton, JJ.


8939

[*1]In re Lela G., Petitioner-Respondent,
v
Shoshanah B., Respondent-Appellant.


Cohen Clair Lans Greifer Thorpe & Rottenstreich LLP, New York (Dan Rottenstreich of counsel), for appellant.
Dobrish Michaels Gross, LLP, New York (Nina S. Gross of counsel), for respondent.
Karen Freedman, Lawyers For Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order, Family Court, New York County (George L. Jurow, J.H.O.), entered on or about June 20, 2018, which, after a trial, to the extent appealed from, eliminated respondent's Wednesday overnight visits with the parties' child, and modified the parties' holiday and parenting schedule, unanimously affirmed, without costs.
While the better practice would have been for the Family Court to appoint a neutral forensic given the circumstances of this case, including the different views as to the reasons for the child's psychological difficulties, it was not reversible error for the court to allow the child's treating psychiatrist to testify and make recommendations for modification of the access schedule (see Matter of Rogan v Guida, 143 AD3d 830, 831-832 [2d Dept 2016] [holding that a "court may [], as it deems appropriate, solicit input from the child's therapist or other mental health professionals to assist it in determining the best interests of the child"]; Matter of Ni-Na C. [Xiao Q.C.], 134 AD3d 702 [2d Dept 2015] [upholding the court's determination to gather information from the children's therapist to assist it in determining the best interest of the children]). The treating psychiatrist had the relevant credentials, met with and interviewed both parents, and performed a thorough assessment of the child.
Respondent argues that the treating psychiatrist's neutrality was compromised because he had been retained by petitioner. Although the record indicates that the treating psychiatrist was retained, and paid by, the custodial parent, the court became aware of this fact during cross examination. There was also sufficient evidence in the record, in addition to the treating psychiatrist's testimony, to support the court's determination that Wednesday overnights were a cause of the child's symptoms. Moreover, the record supports the court's conclusion that the child experiences heightened stress in connection with midweek changes to his routine. Notwithstanding such conclusion, the treating doctor expressed openness to the idea of gradual reintroduction of Wednesday overnights to help the child cope with his symptoms.
Although respondent's expert disagreed with, and criticized, the treating psychiatrist's separation anxiety diagnosis, his testimony was based solely on his review of trial transcripts, and he did not have the benefit of in-person interviews with the child or his parents. The recommendation by the treating psychiatrist to eliminate Wednesday overnights was not based solely on the separation anxiety diagnosis, but also on other possible issues with the child. In any event, given the court's ability to assess the credibility of both doctors, its determination to give greater weight to the treating psychiatrist's testimony is entitled to deference and should not be disturbed on appeal (Matter of Ruth Joanna O.O. [Melissa O.], 149 AD3d 32, 43 [1st Dept 2017], affd 30 NY3d 985 [2017]). The record does not support respondent's argument that the Judicial Hearing Officer (JHO) interfered with questioning to cure petitioner's "failure of proof." [*2]The JHO's clearly expressed goal, in keeping with this Court's prior directives, was to ensure that relevant testimony about Wednesday overnights was elicited. His questions were phrased neutrally and did not suggest desired answers. We reject respondent's argument that the JHO erred in admitting evidence of events that postdated pleadings from 2014 and 2015. The trial was held pursuant to this Court's orders instructing that a hearing was required, and the latter of those orders was issued June 20, 2017 (see Matter of Lela G. v Shoshanah B., 151 AD3d 593 [1st Dept 2017]). In any event, respondent herself relied on recent evidence about the child in support of her arguments.
Respondent failed to establish that this case should be assigned to a different JHO. While this Court has twice reversed his orders in this case, the reversals were based on the need to hold a hearing, which the JHO has since done.
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 9, 2019
CLERK