Matter of D. P. v N. T. (2020 NY Slip Op 02862)





Matter of D. P. v N. T.


2020 NY Slip Op 02862


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Richter, J.P., Oing, Singh, Moulton, JJ.


11497 -28262/17

[*1] In re D. P., Petitioner-Appellant,
v
N. T., Respondent-Respondent.


Larry S. Bachner, New York, for appellant.
Bruce A. Young, New York, for respondent.
The Children's Law Center, Brooklyn (Janet Neustaetter of counsel), attorney for the child.



Order, Family Court, Bronx County (Aija Tingling, J.), entered on or about May 31, 2019, which denied the father's petition for court-ordered visitation with the subject child, unanimously affirmed, without costs.
There is a sound and substantial basis in the record for the court's determination that visitation with petitioner would not be in the child's best interests (see Matter of Brandy V. v Michael P., 151 AD3d 618 [1st Dept 2017]; Matter of Johnson v Williams, 59 AD3d 445, 445 [2d Dept 2009]). The record shows that petitioner and the 14-year-old child have never lived together and that when petitioner visited respondent mother, with whom he was in an on-and-off relationship for years, he and the child generally kept their distance from each another. Petitioner admitted that he never took the child out in the community, and there was little one-on-one time. Both respondent and the Children's Law Center visit supervisor testified that petitioner was angry, verbally aggressive, repeatedly demanded answers to his questions from the child, and raised inappropriate topics with the child on numerous occasions, all of which made the child uncomfortable and fearful. Moreover, while the expressed wishes of a child are not determinative in a visitation case (see Matter of Ronald C. v Sherry B., 144 AD3d 545, 547 [1st Dept 2016], lv dismissed 29 NY3d 965 [2017]), the court properly considered the wishes of this child, who demonstrated maturity during the in camera interview (see Matter of Melissa G. v John W., 143 AD3d 406 [1st Dept 2016]; see also Matter of Mera v Rodriguez, 73 AD3d 1069, 1070 [2d Dept 2010], lv denied 15 NY3d 705 [2010]). The record also supports the determination of the court that respondent did not engage in parental alienation.
We have considered petitioner's remaining arguments, including that he received ineffective assistance of counsel, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK